**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

     **Plaintiff**

       v.

FELICIANO NIEVES [15],

     **Defendant**

**CRIMINAL NO. 95-405 (RAM)**

<u>**OPINION AND ORDER**</u>[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

     Pending before the Court is Defendant Feliciano Nieves's ("Defendant") *Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* ("*Motion for Compassionate Release*" or "*Motion*") as well as the Government's opposition thereto (the "*Opposition*"). (Docket Nos. 3481 and 3487). For the reasons set forth below, the request for compassionate release is **DENIED WITHOUT PREJUDICE.**

### I.   PROCEDURAL BACKGROUND

     On April 19, 2002, Defendant was sentenced to a 360-month term of imprisonment for Conspiracy to Possess with the Intent to Distribute Heroin and Cocaine in violation of 21 U.S.C. § 846. (Docket No. 2195 at 1-2). In addition, he was sentenced to a

---

[1] Danielle Kim, a rising second-year law student, assisted in the preparation of this Opinion and Order.

supervised release term of ten years. Id. at 3. He is scheduled for release on May 2, 2027.[2] Defendant is currently serving his term of imprisonment at FMC Devens. (Docket No. 3481-1 at 1).

As required by the First Step Act, on March 9, 2020, Defendant requested that the Warden of FMC Devens (the "Warden") file a motion for compassionate release on his behalf, citing two issues. See id. at 1-2. First, Defendant asserts that he has not been properly credited for approximately six years of federal imprisonment. Id. Second, Defendant argues that pursuant to the Bureau of Prison's ("BOP") Program Statement 5050.50, he is qualified for compassionate release because he is older than sixty-five (65) years old and has served the greater of ten years or seventy-five (75) percent of his sentence. Id.

The Warden received Defendant's request on April 2, 2020, and denied the same on April 17, 2020. Id. at 3. In his denial, the Warden stated that Defendant had served only sixty-one point six (61.6) percent of his sentence, not the required seventy-five (75) percent. Id. The denial specified that Defendant could appeal the decision using the Administrative Remedy Procedure within twenty (20) calendar days of receipt of the letter if he disagreed with the outcome. Id. at 3. Defendant has proffered no proof that he properly appealed the decision using this procedure.

---

[2] See Feliciano Nieves (Register No. 14990-069) at Find an inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on June 14, 2022).

On July 15, 2021, Defendant filed the pending *Motion* in this
Court, seeking compassionate release under 18 U.S.C.
§ 3582(c)(1)(A) ("Section 3582(c)(1)(A)"). (Docket No. 3481 at 2).
Defendant avers the Court has jurisdiction over the *Motion* because
thirty (30) days has elapsed since the Warden received his request.
Id. at 3 (citing 18 U.S.C. § 3582(c)(1)(A)). In its *Opposition*,
the Government asserts that the *Motion* should be denied because,
among other things, Defendant failed to exhaust all administrative
remedies. (Docket No. 3487 at 11-13). As explained below, the Court
finds that Defendant has not exhausted all administrative
remedies.

## II.   APPLICABLE LAW

### A. The First Step Act

Pursuant to Section 3582(c)(1)(A), as amended by the First
Step Act on December 21, 2018, a court may not modify an imposed
term of imprisonment unless a defendant exhausts certain
administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). First, a
defendant must request that the BOP file a motion for compassionate
release on their behalf. *See* id. After filing such request, the
defendant may only file a motion in federal court if they have
either: (1) "fully exhausted all administrative rights to appeal"
the BOP's failure to bring the motion on their behalf, as explained
in Section II.B *infra*; or (2) waited thirty (30) days from the
receipt of their request by the warden of their facility,

"whichever is earlier[.]" Id.; *see, e.g.*, <u>United States v.</u>
<u>Alvarado-Cosme</u>, 2021 WL 5782485, at *1 (D.P.R. 2021).

**B. Administrative Remedy Procedure**

The Administrative Remedy Program ("Administrative Remedy
Procedure"), 28 C.F.R. § 542, subpart B, governs the
"administrative rights to appeal" requirement referenced in the
First Step Act. 28 C.F.R. § 571.63(a); *see, e.g.*, <u>United States v.</u>
<u>Perry</u>, 2020 WL 8184257, at *2-3 (D.R.I. 2020); <u>United States v.</u>
<u>Britton</u>, 473 F. Supp. 3d 14, 21 (D.N.H 2020). The Administrative
Remedy Procedure requires a defendant to appeal a denial of their
request using the following four steps. *See* 28 C.F.R. §§ 542.13-
.15.

First, the defendant must attempt to resolve their complaint
informally with prison staff. 28 C.F.R. § 542.13(a). Second, if
unable to do so, the defendant may submit a formal written
Administrative Remedy Request to the warden through a "BP-9" form
within twenty (20) days of the events forming the basis for the
request. 28 C.F.R. § 542.14(a). Third, a defendant who is not
satisfied with the warden's response to that request may submit an
appeal to the Regional Director through a "BP-10" form within
twenty (20) days of the date the warden signed the BP-9 response
form. 28 C.F.R § 542.15(a). Fourth, a defendant who is not
satisfied with the Regional Director's response may then appeal to
the BOP's Office of General Counsel through a "BP-11" form within

thirty (30) days of the date the Regional Director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id. Alternatively, if the warden approves the request, but either the BOP's General Counsel or the BOP Director denies the request, that denial constitutes a "final administrative decision" that satisfies the exhaustion requirement. 28 C.F.R § 571.63(d). Thus, a defendant exhausts administrative remedies when either: (1) the warden refuses to recommend that the BOP file a motion for compassionate release and the defendant receives a response to the BP-11 form; or (2) either the BOP's General Counsel or BOP Director rejects a warden's recommendation that the BOP file a motion for compassionate release on the defendant's behalf. See 28 C.F.R. § 542 subpart B; 28 C.F.R. § 571.63.

## III.   ANALYSIS

### A. If the warden of a defendant's facility responds to their compassionate release request within thirty (30) days of receipt, a defendant must exhaust all administrative remedies

Defendant argues that he satisfied Section 3582(c)(1)(A)'s exhaustion requirement because he filed the *Motion* over thirty (30) days after the Warden received his request. (Docket No. 3481 at 3). However, the Warden responded to Defendant's request within thirty (30) days of receipt. (*See* Docket No. 3481-1 at 3). While Defendant's *Motion* relies on the proposition that the thirty (30)-day provision in Section 3582(c)(1)(A) is always an alternative to

administrative exhaustion, that premise is incorrect. This Court holds that defendants cannot rely on the thirty (30)-day provision if the warden of their facility responded to their request within thirty (30) days of receipt. In such cases, defendants must exhaust administrative remedies before a federal court may properly consider their motion for compassionate release.

This interpretation of Section 3582(c)(1)(A) complies with the statutory text and avoids reading the statute in a manner that would render certain provisions superfluous. The statute clearly delineates two avenues by which a defendant may eventually file a motion for compassionate release in federal court. *See* 18 U.S.C. § 3582(c)(1)(A). The first avenue requires the full exhaustion of administrative rights to appeal. Id. The second avenue requires the defendant to wait for thirty (30) days to lapse after the warden receives their request. Id. If the warden responds within thirty (30) days, these two avenues cannot be logically read as separate alternatives, because doing so would "ignore the extreme unlikelihood of any administrative appeal within the bureaucracy of the Bureau of Prisons being completed in [thirty] days." United States v. Nance, 2020 WL 114195, at *2 (W.D. Va. 2020). Such a reading would effectively and impermissibly render the administrative exhaustion requirement ineffectual. *See* Corley v. United States, 556 U.S. 303, 314 (2009) (holding that "[a] statute should be construed so that effect is given to all its provisions,

so that no part will be inoperative or superfluous, void or insignificant") (internal quotation marks and citation omitted). A defendant would have no reason to exhaust administrative remedies if they could simply file a motion in federal court after waiting for thirty (30) days following the warden's receipt of their request. The Court is thus unpersuaded by the reasoning underlying district court decisions to the contrary, as this approach renders the administrative exhaustion requirement futile. *See, e.g.*, United States v. Guzman Soto, 2020 WL 1905323, at \*4-5 (D. Mass. 2020) (holding that a defendant may rely on the thirty (30)-day provision even if the warden acts on the request but failing to address that this reading of the statute renders the administrative exhaustion provision effectively superfluous); United States v. Somerville, 463 F. Supp. 3d 585, 592-93 (W.D. Pa. 2020) (same).

Additionally, this holding complies with Section 3582(c)(1)(A)'s purpose. As courts in this Circuit have noted, the thirty (30)-day provision is designed to ensure that wardens act in a timely manner and do not unnecessarily delay responding to requests from defendants. *See, e.g.*, United States v. Rembert, 2020 U.S. Dist. LEXIS 107423, at \*2-3 (D. Me. 2020). Therefore, if a warden responds within thirty (30) days of receiving a defendant's request, that purpose is unquestionably fulfilled. If a defendant chooses to challenge their warden's denial, they must then do so pursuant to the above-described Administrative Remedy

Procedure before they may file a motion in federal court.

This approach also acknowledges that the BOP is the entity best situated to evaluate defendant requests and to ensure similarly situated defendants receive consistent results. *See* United States v. Montanez, 458 F. Supp. 3d. 146, 156 (W.D.N.Y. 2020) (noting that within the Second Circuit, defendants from the same institution seeking compassionate release meet "divergent results"). If the warden responds within thirty (30) days, requiring exhaustion of administrative remedies allows officials familiar with BOP policies to evaluate the warden's denial. United States v. Carr, 2020 WL 2847633, at *3 (W.D. Va. 2020) (noting that requiring administrative exhaustion when the warden responds within thirty (30) days permits "further review of the warden's denial by officials who are likely to have a broader view of the policies involved").

For these reasons, this Court joins those courts that have held that a defendant must complete the full appeals process laid out in 28 C.F.R. § 542, subpart B if the warden of their facility responds to their request within thirty (30) days of receipt before they may file a motion for compassionate release in federal court. *See, e.g.,* United States v. Miamen, 2020 WL 1904490, at *2 (D.R.I 2020); United States v. Eisenberg, 470 F. Supp. 3d 111, 113 (D.N.H. 2020); Britton, 472 F. Supp. 3d at 17 n. 3; Rembert, 2020 U.S. Dist. LEXIS 107423, at *2-3.

### B. Defendant did not exhaust administrative remedies

Defendants must proffer evidence that they completed the appeals process to prove administrative exhaustion. *See* Britton, 472 F. Supp. 3d at 17 n. 3; Alvarado-Cosme, 2021 WL 5782485, at *1; United States v. Del Valle-Díaz, 2021 WL 5828385, at *1 (D.P.R. 2021). Nothing in the record indicates that Defendant completed the appeals process following the Warden's denial of his request. This Court has previously joined other courts within the First Circuit in holding that "this requirement is a **mandatory** claim-processing rule not subject to equitable exceptions." Alvarado-Cosme, 2021 WL 5782485, at *1 (citing Britton, 473 F. Supp. 3d at 21; United States v. Lugo, 2020 WL 1821010, at *3 (D. Me. 2020)) (emphasis in original). Thus, this Court may not review Defendant's request at this juncture. *See* id.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' *Emergency Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* at Docket No. 3481 is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge